USDC SDNY
DOCUMENT ELECTRONICALLY FILED
DOC#: _____
DATE FILED: 3-22-19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANDRE DURHAM,<br><br>      **Plaintiff,**<br><br>-v.-<br><br>CITY OF NEW YORK, POLICE OFFICER MICHAEL SHOUM, and POLICE OFFICER PATRICK DALY,<br><br>      **Defendants** | 17-CV-2803 (ALC)<br><br>**OPINION AND ORDER** |

**ANDREW L. CARTER, JR., United States District Judge:**

Plaintiff Andre Durham (hereinafter "Plaintiff" or "Mr. Durham") brings this action, *pro se*, against the City of New York and Police Officers Michael Shoum and Patrick Daly[1] (collectively, "Defendants") under 42 U.S.C. § 1983 alleging Equal Protection violations as well as violations of the Fourth Amendment, including false arrest and malicious prosecution claims. Mr. Durham also asserts state law defamation, intentional infliction of emotional distress ("IIED"), and negligence claims.

## PROCEDURAL HISTORY

Plaintiff initiated this action on April 18, 2017. ECF Nos. 1-2. On June 12, 2017, Plaintiff was granted leave to amend his Complaint, which he filed on June 22, 2017. ECF Nos. 5, 7. Defendants answered Plaintiff's First Amended Complaint ("FAC") on November 6, 2017. ECF No. 19. In a letter dated December 8, 2017, Defendants requested a pre-motion conference in anticipation of a motion to dismiss. ECF No. 26. The Court granted Defendants' request and held

---

[1] Defendant Daly is a named Defendant in this case, however at no point does Plaintiff's FAC include allegations of personal involvement specific to Officer Daly. *See Moffit v. Town of Brookfield*, 950 F.2d 880, 886 (2d Cir. 1991).

COPIES MAILED

a Joint Telephone Conference on January 23, 2018.[2] ECF No. 27. Defendants were granted leave to file their Motion to Dismiss, which they did, along with supporting documents, on April 10, 2018. ECF No. 34-36. Plaintiff did not respond to Defendants' Motion to Dismiss. ECF No. 38. On June 6, 2018, Plaintiff was Ordered to Show Cause as to why Defendants' Motion should not be deemed unopposed. ECF No. 38. To date, Plaintiff has failed to respond to Defendants' Motion. Thus, Defendants' Motion is deemed unopposed and fully briefed. After careful consideration, Defendants' Motion to Dismiss is hereby **GRANTED**.

## BACKGROUND[3]

The Plaintiff alleges that on or near October 21, 2014, at roughly 10:45 pm, Officer Shoum approached him on the corner of East 125th Street and Lexington Avenue. FAC p. 4. He was "... standing in a doorway cleaning [his] fingernails with a knife." *Id.* Officer Shoum asked Plaintiff about the knife, and Plaintiff stated that he "use[s] it for work." *Id.* Mr. Durham alleges that Officer Shoum "immediately took the knife" and determined that the knife was an illegal gravity knife. *Id.* Officer Shoum then proceeded to "searc[h], pat frisk[], [and] strip[] search" Mr. Durham. *Id.* The officers then arrested Mr. Durham. Mr. Durham alleges that he was searched and arrested "due to the fact that [he is] a black male" and claims that he was racially profiled. *Id.*

Following a grand jury indictment, Mr. Durham's case proceeded to trial in the Supreme Court of the State of New York. *See* McKinney Decl. Ex B, ECF No. 35 ("Certificate of Disposition"). Ultimately, on July 21, 2015, Plaintiff was convicted of Criminal Possession of a

---

[2] On January 9, 2018, Plaintiff filed a Motion to Effectuate Service as well as a Motion to Dismiss any and all motions filed by Defendants. ECF Nos. 28, 29. Both of Plaintiff's motions were denied. ECF Nos. 30, 31.
[3] When determining whether to dismiss a case, the court accepts as true all factual allegations in the Complaint and draws all reasonable inferences in a plaintiff's favor. Faber v. Metro Life Ins. Co., F.3d 98, 104 (2d Cir. 2011). Pursuant to that standard, this recitation of facts is based on Plaintiff's First Amended Complaint. ECF No. 7.

Weapon in the Third Degree pursuant to N.Y. Penal Law § 265.02 and sentenced to two to four years imprisonment. *See id.*

**STANDARD OF REVIEW**

To withstand a motion to dismiss, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint "need not include detailed factual allegations, but must contain sufficient factual matter ... to state a claim to relief that is plausible on its face." *Corona Realty Holding, LLC, v. Town of N. Hempstead*, 382 F. App'x 70, 71 (2d Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Incantation of the elements of a cause of action, "supported by mere conclusory statements," is not enough to show plausibility. *Id.* at 72. Further, "a well-pleaded complaint may proceed even if it appears 'that a recovery is very remote and unlikely." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (quoting *Scheuer v. Rhodes* 416 U.S. 232, 236 (1974)).

Taking that standard into consideration, "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted). In particular, "the pleadings of a *pro se* plaintiff must be read liberally and should be interpreted to raise the strongest arguments that they suggest." *Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir. 1996) (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)).

**DISCUSSION**

As stated, Plaintiff alleges multiple violations of his Constitutional rights. *See* FAC. Plaintiff's conviction serves as a complete defense to his false arrest and malicious prosecution claims. *See* Certificate of Disposition. Additionally, the plain view doctrine serves as a complete defense to Plaintiff's allegations of a Fourth Amendment violation. Furthermore, Plaintiff has

3

failed to allege facts sufficient to sustain his Equal Protection claim. Finally, due to the dismissal of all Plaintiff's federal claims, his state law claims fail for lack of jurisdiction.

## I. Plaintiff's Conviction Serves as a Complete Defense to Plaintiff's False Arrest and Malicious Prosecution Claims

Plaintiff alleges he was falsely arrested on October 21, 2014, in violation of his Fourth Amendment Rights. *See* FAC. To state a claim for false arrest under New York law, a plaintiff must demonstrate that "(1) the defendant intended to confine [the plaintiff], (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement, and (4) the confinement was not otherwise privileged."[4] *Curry v. City of Syracuse,* 316 F.3d 324, 335 (2003) (quoting *Weyant v. Okst,* 101 F.3d 845, 853 (2d Cir.1996)). Even if the first three elements of a false arrest claim are met, "[t]he existence of probable cause[5] to arrest constitutes justification and is a complete defense to an action for false arrest." *Zaniewska v. City of New York,* 569 Fed.Appx. 39, 40 (2d Cir. 2014) (internal quotations omitted). A conviction following an arrest is "conclusive evidence of probable cause." *Smith v. City of New York,* 2013 WL 6158485, *3 (S.D.N.Y. Nov. 25, 2013) (quoting *Weyant,* 101 F.3d at 852). In regards to a § 1983 malicious prosecution claim, a plaintiff "must establish termination of the prosecution in his favor in accordance with applicable state law." *Lynch v. Suffolk County Police Dept., Inc.,* 348 Fed.Appx. 672, 674 (2d Cir. 2009) (quoting *Hygh v. Jacobs,* 961 F.2d 359, 367-68 (2d Cir. 1992)); *see also Heck v. Humphrey,* 512 U.S. 477, 484 (1994) ("This requirement avoids parallel litigation over the issues of probable cause and guilt ... and it precludes the possibility of the

---

[4] A claim for false arrest under 42 U.S.C. § 1983 is substantially the same as a claim for false arrest under New York law. *See Zaniewska v. City of New York,* 569 Fed.Appx. 39, 40 (2d Cir. 2014) (quoting *Weyant v. Okst,* 101 F.3d 845, 852 (2d Cir.1996)).

[5] "Probable cause exists where the facts and circumstances within ... [the officers'] knowledge and of which they had reasonably trustworthy information are sufficient in themselves to warrant a [person] of reasonable caution in the belief that an offense has been or is being committed by the person to be arrested." *Dunaway v. New York,* 442 U.S. 200, n. 9 (1979) (quoting *Brinegar v. United States,* 338 U.S. 160, 175-76 (1949) (internal quotations omitted).

claimant succeeding in the tort action after having been convicted in the underlying criminal prosecution ...").

Here, the FAC states that Plaintiff was "...standing in a doorway cleaning [his] fingernails with a knife." FAC p. 4. The Officers saw Mr. Durham with the knife, and began questioning him. *Id.* The Officers believed that the knife was a gravity knife, which would constitute a violation of New York law. *Id*; N.Y. Penal Law § 265.02. After initial discussions and a search of his person, the Officers arrested Mr. Durham. *Id.* Following his arrest, Mr. Durham's case proceeded to trial and he was ultimately convicted of Criminal Possession of a Weapon in the Third Degree pursuant to N.Y. Penal Law § 265.02. *See* Certificate of Disposition. As stated, the conviction is "conclusive evidence of probable cause," and thus serves as a complete defense to Mr. Durham's false arrest claim. *Smith*, 2013 WL 6158485, at *3; *see* Certificate of Disposition. Furthermore, Plaintiff cites to no evidence indicating that the prosecution has been terminated in his favor. *See* Certificate of Disposition. Rather, Plaintiff was convicted, and that conviction still stands. *See id.* Mr. Durham's conviction is a complete defense to both his false arrest and malicious prosecution claims. Thus, Plaintiffs false arrest and malicious prosecution claims are dismissed.

## II. The Plain View Doctrine Serves as a Complete Defense to Plaintiff's Fourth Amendment Claims

Plaintiff alleges that his Fourth Amendment rights were violated as a result of the search and seizure performed by Officer Shoum on the evening of October 21, 2014. *See* FAC. The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures..." U.S. Const. amend. IV. "No right is held more sacred...than the right of every individual to the possession and control of his own person, free from all restraint or interference of others, unless by clear and unquestionable

authority of law." *Terry v. Ohio*, 392 U.S. 1, 9 (1968) (internal citations omitted). In general, to avoid violating a citizen's Fourth Amendment rights, law enforcement officers must obtain a warrant or prior judicial authorization before conducting a search or seizure. *Terry*, 392 U.S. at 20; *see Costello v. United States*, 365 U.S. 265, 280 (1961). However, "[a] well recognized exception to this warrant process ... is the so-called "plain view" doctrine." *U.S. v. Cruz*, 314 F.Supp.2d 321, 329 (S.D.N.Y. 2004). In essence, the "plain view" doctrine indicates that "what a person knowingly exposes to the public through an open door or window does not receive Fourth Amendment protection." *Borg v. Town of Wesport*, 685 Fed.Appx. 10, 11 (2d Cir. 2017) (citing *United States v. Davis*, 326 F.3d 361, 365 (2d Cir. 2003)).

Here, Plaintiff's FAC indicates that he was standing in a doorway, visible to the public, cleaning his fingernails with a knife. FAC p. 4. The Officers saw him in the doorway "cleaning [his] fingernails with a knife," immediately seized the knife, and then proceeded to search and pat down Mr. Durham. *Id.* There is no indication that the officers had a warrant, but under the plain view doctrine, no warrant was needed. *See Borg*, 685 Fed.Appx at 11. Mr. Durham exposed the knife in an open doorway, and thus did not have Fourth Amendment protections as they relate to the knife. *See* FAC. Due to the applicability of the plain view doctrine, Plaintiff's Fourth Amendment claim is dismissed.

### III. Plaintiff has Failed to State a Claim for Which Relief can be Granted Regarding His Equal Protection Claim

Plaintiff alleges that the sole motivation of the arresting officers was his race – a violation of his Equal Protection under the Fifth and Fourteenth Amendments. FAC p. 5. The animating principle behind the Equal Protection Clauses is that all persons similarly situated should be treated alike. *See* U.S. Const. amends. X, XIV; *Brown v. City of Oneonta*, 221 F.3d 329, 336-337 (2d Cir. 2000) (citing *City of Cleburne v. Cleburne Living Ctr., Inc.*, 473 U.S. 432, 439 (1985)).

The Equal Protection doctrine "prohibits intentional discrimination on the basis of race, but not government action that merely has a disproportionate racial impact." *Floyd v. City of New York*, 959 F.Supp.2d 540, 570 (S.D.N.Y. 2013) (quoting *Washington v. Davis*, 426 U.S. 229, 239-240 (1976)). Courts have indicated that there are numerous ways for a plaintiff to plead intentional discrimination, including selective enforcement of laws and demonstrating that a facially neutral law has been applied in a discriminatory manner.[6] *Diesel v. Town of Lewisboro*, 232 F.3d 92, 103 (2d Cir. 2000); *Brown v. City of Oneonta*, 221 F.3d 329, 337 (2d Cir. 1999). To establish an Equal Protection violation via selective enforcement, a plaintiff must demonstrate that "(1) the person, compared to others similarly situated, was selectively treated; and (2) that such selective treatment was based on impermissible considerations such as race..." *Clay v. City of New York*, 2016 WL 5115497, *6 (S.D.N.Y. Sept. 9, 2016) (quoting *Lisa's Party City v. Town of Henrietta*, 185 F.3d 12, 16 (2d Cir. 1999)). To demonstrate that a facially neutral law has been applied in a discriminatory manner, a plaintiff must demonstrate that "the defendants' actions had a discriminatory effect and were motivated by a discriminatory purpose." *Floyd*, 959 F.Supp.2d at 661.

Here, Mr. Durham has failed to demonstrate any intent or purpose of Defendants "to discriminate based on race ..." *Clay*, 2016 WL 5115497, at *6. Plaintiff's arguments are conclusory, and he provides no evidence of others similarly situated. *See* FAC. Plaintiff has not alleged any specific facts to support a conclusion that his arrest and subsequent conviction was animated by race. Further, Mr. Durham points to no discriminatory policy of the New York Police Department or the City of New York. *See id.* There is nothing in the FAC that could lead

---

[6] Generally, an Equal Protection violation can be established by showing (1) "a law that expressly classifies on the basis of race," (2) "a facially neutral law or policy that has been applied in an unlawfully discriminatory manner," or (3) "a facially neutral [law or] policy that has an adverse effect and that was motivated by discriminatory animus." *Brown v. City of Oneonta*, 221 F.3d 329, 337 (2d Cir. 1999).

7

one to conclude that a discriminatory purpose motivated the Officers in this case. *Id.* Plaintiff alleges that when the Officers approached him, they wanted to know about the knife being used in plain sight "immediately." FAC p. 4. Plaintiff's allegations themselves indicate that the Officers were drawn to potentially illegal activity being carried out in plain sight, rather than racial animus or discriminatory policies. Thus, Plaintiff's Equal Protection claims are dismissed.

### IV. Plaintiff has Failed to Sufficiently Allege Facts that Support a Claim for Municipal Liability

Local governing bodies can be sued directly under 42 U.S.C. § 1983 when a complaint alleges unconstitutional action implemented from "a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Monell v. Dep't of Soc. Servs. of New York,* 436 U.S. 658, 690 (1978). However, liability does not exist "solely because [a municipality] employs a tortfeasor." *Id.* at 691. Thus, when a plaintiff alleges municipal liability under § 1983, "he must plausibly allege that the violation of his constitutional rights was caused by an official policy or custom of the municipality." *Bennett v. City of New York,* 425 Fed.Appx. 79, 81 (2d Cir. 2011) (citing *Zahra v. Town of Southold,* 48 F.3d 674, 685 (2d Cir. 1995)).

Here, Plaintiff's FAC is void of any substantive allegations that his constitutional rights were violated due to a policy or practice of the New York City Police Department. *See* FAC pp. 4-5. Mr. Durham does not allege or even indicate that Defendants were furthering a policy or custom in effecting the search and arrest. *See* FAC. Plaintiff has failed to meet the standard required to hold a municipality liable, and thus Plaintiff's claims are dismissed against the City of New York in their entirety.

## V. Plaintiff's Remaining Claims are Dismissed for Lack of Subject Matter Jurisdiction

In addition to Mr. Durham's federal claims, he also asserts state law defamation, IIED, and negligence claims. *See* FAC. However, as indicated above, all of Plaintiff's Federal claims have been dismissed as to all Defendants. This Court no longer has federal question jurisdiction under 28 U.S.C. § 1331, as the disposition of this case no longer arises from a federally created cause of action nor "depends on resolution of a substantial question of federal law." *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006) (citation omitted). Therefore, Plaintiff's remaining state law claims are dismissed.

## CONCLUSION

For the reasons stated above, Defendants' Motion to Dismiss is hereby **GRANTED** as to all Defendants.

**SO ORDERED.**

**Dated:** **March 22, 2018**
New York, New York

_____
**HON. ANDREW L. CARTER, JR.**
**United States District Judge**